No. 2267.—J. R. JONES *v.* C. J. JONES and J. LEVOIS & CO.

A judgment that has been rendered on default on a citation that has been served on a third party, whom it is neither alleged nor shown was the agent of the defendant at the time, is null and void, and the nullity will be so declared on appeal.

APPEAL from the Fourth District Court, parish of Orleans. *Théard, J. James McConnell,* for plaintiff and appellee. *M. B. DuBuisson,* for defendant and appellant.

HOWELL, J. The defendant, J. Levois, asks that the judgment herein rendered on default be reversed as to him for want of legal citation. The return of the sheriff is that he served a copy of the "citation and accompanying petition on J. Levois by leaving same in the hands of D. Jamison, his agent, said Levois being absent from the city at the time of service."

There is no allegation or proof that D. Jamison was the agent of Levois, and the service is illegal, and no appearance was made by appellant. But plaintiff contends that the evidence shows that citation was received. The following is the evidence relied on. Plaintiff, sworn, says: "The defendants admitted the signature to the lease sued upon. They have paid $200 on account of the claim sued for since the suit. The claim sued for is just and due, subject to the above credit. The signature of the surety to the lease is made by the agent of the surety, Mr. Porteous, who informed me to make the act of suretyship."

This by no means proves that J. Levois paid anything on the claim or had been served with citation. C. J. Jones is the lessee, and J. Levois & Co. are his surety through the agency of Mr. Porteous (and not D. Jamison), according to the above statement of plaintiff. There is nothing else in the record to connect Levois with the contract of lease or the suit, until a copy of the judgment was served upon him, when he took this appeal. The judgment against him is without legal foundation. The petition, however, having been filed, the plaintiff is entitled to an opportunity to have the sureties cited.

It is therefore ordered that the judgment herein against J. Levois, appellant, be reversed, and the cause remanded to the lower court to be proceeded in according to law. Plaintiff to pay costs of appeal.